UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------x
CLAREX LIMITED and BETAX LIMITED,

          Plaintiffs,

    -against-

NATIXIS SECURITIES AMERICAS LLC,
NATIXIS BLEICHROEDER LLC,
NATIXIS BLEICHROEDER,
NATEXIS BLEICHROEDER, INC.,
NATIXIS BLEICHROEDER, INC., and
ARNHOLD AND S. BLEICHROEDER, INC.,

          Defendants.
----------------------------------------------x

12 CIV 0722

Case No. _____

**COMPLAINT**

[RECEIVED JAN 31 2012 U.S.D.C. S.D.N.Y. CASHIERS stamp]

Plaintiffs, Clarex Limited ("Clarex") and Betax Limited ("Betax") (jointly, "Plaintiffs"), for their complaint against the above-named defendants (jointly, "Natixis"), allege as follows:

## INTRODUCTION

1.    Plaintiffs seek over $19 million in damages resulting from Natixis's failure to deliver 46,000 Payment Adjustment Warrants (the "Warrants") that Natixis should have delivered to Plaintiffs contemporaneously with Plaintiffs' purchase from Natixis of certain Republic of Nigeria ("Nigeria") USD Collateralised Fixed Rate Bonds (the "Bonds"). The current market value of the Warrants is approximately $9 million, and in addition, over $10 million have been paid to holders of the Warrants, to date, since the time that Natixis should have delivered the Warrants to Plaintiffs.

{23177943;2}

## PARTIES, JURISDICTION AND VENUE

2.      Clarex is a company organized and existing under the laws of the Cayman Islands. Betax is a company organized and existing under the laws of the Commonwealth of The Bahamas. Each has its place of business in Nassau, Bahamas.

3.      The defendant first named above, Natixis Securities Americas LLC, is a corporation organized and existing under the laws of the state of Delaware. It has its principal place of business in New York, New York. The other named defendants are predecessors of or other names by which Natixis Securities Americas LLC is or has been known. All defendants are jointly referred to herein as "Natixis."

4.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the Plaintiffs and the defendants and the action is for damages in excess of $75,000.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(a) as defendant Natixis resides in this judicial district.

## GENERAL ALLEGATIONS

### The Nigerian Bonds and related Warrants

6.      In 1991 Nigeria issued the Bonds, which had a maturity date of 2020. The Bonds are Brady bonds that were issued in exchange for defaulted commercial bank loans. The Bonds were issued with Warrants attached thereto, which evidenced Payment Adjustment Rights ("Payment Rights") that were designed to provide a partial recovery of the value lost, as a result of the debt-service reduction contemplated in the exchange, in the event of a significant increase in Nigeria's capacity to service its external debt. One Warrant was issued for every 1,000

{23177943;2}                                                    - 2 -

dollars in Bonds. Thus, for every $1,000,000 in Bonds, 1,000 Warrants were issued.

7. The Warrants were issued by the Central Bank of Nigeria and the performance of the obligations that they represented was guaranteed by Nigeria. The Warrants provide for the possibility of semi-annual payments, beginning in 1996, based upon certain increases in the price of oil.

8. The Warrants were designed to facilitate their trading separately from the Bonds. The Warrants were initially attached to the Bonds upon their issuance, but were detachable, and transferable, at any time and, accordingly, were assigned their own unique security identification number ("ISIN No.").

## Market Practice related to the trading of the Warrants

9. Although it was possible that Bonds and their corresponding Warrants could be traded separately, the market practice was that they should be traded together. The Emerging Markets Traders Association ("EMTA") issued the following "Market Practice" on September 30, 1992:

> Unless otherwise specified, par and discount bonds with related rights or warrants should trade with the rights or warrants corresponding to such bonds, based on the allocation of such rights or warrants at the original issue date of the bonds.

10. EMTA reaffirmed this Market Practice on September 27, 1996:

> Unless otherwise specified contemporaneously with the oral trade, Par and Discount Bonds with related Rights or Warrants should trade with the Rights or Warrants corresponding to such Bonds (whether or not detachable and based on the allocation of such Rights or Warrants at the original issue of the Bonds).

11. At that time in 1996, EMTA reminded market participants that, to ensure trade settlement in accordance with the Market Practice, it was necessary to

give settlement instructions to Euroclear/Clearstream (formerly Cedel) with respect to both the Bonds and their related Warrants. To accomplish this, market participants were required to deliver two separate settlement instructions to Euroclear/Clearstream, referencing one ISIN No. for the Bonds being transferred and another ISIN No. for the related Warrants being transferred.

12. On October 21, 2002, EMTA recommended new Market Practices (effective for all trades entered into on and after November 1, 2002) for the separate trading of Nigeria Bonds and their related Warrants. The new Market Practices recommended that, unless otherwise agreed, Nigeria Bonds should trade without their related Warrants.

### Plaintiffs purchase $46,000,000 in Bonds and 46,000 Warrants prior to the change in Market Practice

13. Prior to the change in Market Practice that became effective on November 1, 2002, Plaintiffs placed orders with Natixis to purchase a total of $46,000,000 in Bonds and 46,000 Warrants (which Market Practice at that time dictated should be traded together).

14. Natixis confirmed in writing that it would sell $46,000,000 Bonds and 46,000 in corresponding Warrants.

15. Plaintiffs paid in full the agreed consideration for the Bonds and Warrants.

16. However, when effecting the trades, Natixis failed to deliver the 46,000 warrants to Plaintiffs.

{23177943;2}

- 4 -

17.     Natixis has admitted on several occasions that Plaintiffs are entitled to have the 46,000 missing Warrants (and all the accrued corresponding Payment Rights, which to date exceed $10 million).

18.     Natixis continued to send statements to Plaintiffs regarding the missing Warrants until December 2011, evidencing its continued assurance that the missing Warrants would be delivered. However, Natixis has failed to deliver the Warrants.

19.     As of January 23, 2012, the market value of the Warrants was $8,924,000. In addition, to date Nigeria has paid a total of $10,080,996.46 in Payment Rights on the Warrants, which Plaintiffs have not received.

## CLAIM I

## BREACH OF CONTRACT

20.     Plaintiffs re-allege the allegations contained in paragraphs 1-19 set forth above.

21.     Plaintiffs entered into agreements with Natixis to purchase $46,000,000 in Bonds together with their corresponding 46,000 Warrants.

22.     Plaintiffs paid in full the agreed consideration for the Bonds and Warrants.

23.     Natixis failed to deliver the 46,000 Warrants and corresponding Payment Rights. This failure constitutes a breach of contract.

24.     Plaintiffs have been damaged by Natixis's breach of contract. Such damages include (but are not limited to) the current market value of the Warrants, plus the total amounts paid to date in Payment Rights with respect to the Warrants, plus pre-judgment interest, and such other damages as may be proved at trial.

## CLAIM II

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

25.  Plaintiffs re-allege the allegations contained in paragraphs 1-19 set forth above.

26.  The contract between Plaintiffs and Natixis imposed on Natixis the duty of good faith and fair dealing that is implied in every contract. The duty comprised any promises which a reasonable person in the position of Plaintiffs would have been justified in understanding were included in the contracts.

27.  Plaintiffs justifiably understood that, by buying the Bonds, they were also entitled to receive the Warrants corresponding to the Bonds.

28.  Natixis had a duty to not act in a way that injured the right of Plaintiffs to receive the fruits of the contracts, or that violated Plaintiffs' presumed or reasonable expectations with respect to the contracts.

29.  Plaintiffs reasonably expected to receive the Warrants corresponding to the Bonds, as one of the fruits of the contracts whereby Plaintiffs purchased the Bonds.

30.  Natixis breached its duty of good faith and fair dealing by failing to deliver, or to take adequate steps to deliver, the Warrants to Plaintiffs, and thereby deprived Plaintiffs of a substantial benefit to which they were entitled and which they reasonably expected under the contracts.

31.  Plaintiffs have been damaged by Natixis's breach of its duty of good faith and fair dealing. Such damages include (but are not limited to) the current market value of the Warrants, plus the total amounts paid to date in Payment

Rights with respect to the Warrants, plus pre-judgment interest, and such other damages as may be proved at trial.

## CLAIM III

## NEGLIGENCE

32. Plaintiffs re-allege the allegations contained in paragraphs 1-19 set forth above.

33. Natixis had a duty, independent of its contractual obligation, to (a) properly advise Plaintiffs concerning their rights to obtain the Warrants, (b) take adequate steps to make sure that Plaintiffs received all the Bonds, and all corresponding Warrants, purchased by Plaintiffs, and (c) take adequate steps to make sure that Plaintiffs received all payments of Payment Rights made with respect to the Warrants.

34. Natixis negligently failed to perform its duty as stated above.

35. Plaintiffs have been damaged by Natixis's negligence. Such damages include (but are not limited to) the current market value of the Warrants, plus the total amounts paid to date in Payment Rights with respect to the Warrants, plus pre-judgment interest, and such other damages as may be proved at trial.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Natixis, on each of the above claims, as follows:

(a) Damages equal to the market value of the Warrants, which as of January 23, 2012, amounted to $8,924,000; plus

(b) Damages equal to the total payments of Payment Rights made with respect to the Warrants through the date of judgment, which as of January 23, 2012, amounted to $10,080,996.46; plus

(c) Pre-judgment interest on the above sums; and

(d) Such further relief as the Court deems just and proper.

**Jury Trial Demanded**

Plaintiffs demand a jury trial.

Dated: New York, New York
January 30, 2012

Respectfully submitted,

AKERMAN SENTERFITT LLP
335 Madison Avenue, 26th Floor
New York, New York 10017-4636
Phone: (212) 880-3800
Fax: (212) 880-8965

By: _____
Martin Domb (MD-4109)

and

Luis M. O'Naghten
AKERMAN SENTERFITT
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095

*Counsel for Plaintiffs Clarex Limited and Betax Limited*